```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DANIEL MELEANCE,

                         Petitioner,

                                                     **Hon. Hugh B. Scott**

                         v.

                                                     09CV152S

                                                     **Report
&
Recommendation**

I.C.E.,

                        Respondent.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 9). The instant matter before the Court is petitioner's motion for summary judgment (Docket No. 8[1]). Responses to this motion were due by December 17, 2009, with any reply due by January 14, 2010, and the motion was deemed submitted (without oral argument) on January 14, 2010 (Docket No. 10).

---

[1] In support of this motion, petitioner submits his present motion, Docket No. 8; as well as his letter to the Court of June 16, 2009, Docket No. 7; memorandum in opposition of respondent, Docket No. 6; another memorandum in opposition of respondent, filed Dec. 29, 2009, Docket Nos. 13, 14 (refiled for legibility).
    In opposition, respondent submits its Memorandum of Law, Docket No. 11; the affidavit of Donald Vaccaro, Jr., Docket No. 11; its Statement of Facts, Docket No. 12; as well as its Answer, Docket No. 4; the Declaration of deportation officer George Scott, Docket No. 4; and the respondent's Memorandum of Law in opposition to the Petition, Docket No. 5.
    Respondent also notes that the proper party here should be Martin Herron, the person with direct control and custody over petitioner, Docket No. 11, Resp't Memo. at 1 n.1.

## BACKGROUND

Petitioner is a native of Haiti[2] who arrived in the United States in 1985 on a nonresident visitor visa which authorized him to stay for only one year (see Docket No. 11, Resp't Memo. at 3). Petitioner claims that he was on a non-immigrant visa passport for five years (see Docket No. 6, Pet'r Memo. at 1). On May 21, 2005, petitioner was convicted of criminal possession of controlled substance offenses in New York State court and was sentenced to a term of imprisonment of four years (see Docket No. 11, Resp't Memo. at 3), felony offenses. While in state custody, petitioner was placed in immigration removal proceedings by a Notice to Appear, dated October 27, 2005 (id.). On October 30, 2006, an Immigration Judge denied petitioner's application for cancellation of removal and order his removal from this country (id.). Petitioner's appeal to the Board of Immigration Appeals was dismissed on May 3, 2007 (id.).

Prior to his transfer to United States Department of Homeland Security ("DHS"), in November 2008 petitioner sought review of his removal by the United States Court of Appeals, and filed a stay of removal (id. at 4). The review and his motion for a stay remain pending, scheduled for argument on the week of January 11, 2010 (id., Vacarro Decl. ¶¶ 11, 20). The Second Circuit took this review on submission on January 11, 2010.

---

[2]While this case was pending, on January 12, 2010, a devastating earthquake occurred in Haiti. Following this natural disaster, the Homeland Security Secretary designated Temporary Protected Status (or "TPS") for Haitian nationals who were in the United States as of January 12, 2010, allowing qualified Haitians to reside in the United States for the next eighteen months, 75 Fed. Reg. 3476-79 (Jan. 21, 2010). Temporary Protected Status "is granted to foreigners who may not be able to return safely to their country because of a natural disaster, armed conflict or other reasons," Suzanne Gamboa, "Haitians in US illegally get OK to stay, for now," Buff. L.J., Jan. 21, 2010, at 1; 75 Fed. Reg. at 3476. TPS is not apply to persons convicted of a felony or two or more misdemeanors committed in the United States, 75 Fed. Reg. at 3477.

2

Petitioner filed his Petition on February 19, 2009 (Docket No. 1), and respondent answered on April 28, 2009 (Docket No. 4). In this Petition, petitioner argues that he has been detained since November 14, 2008, while his appeal of the deportation order is being reviewed by the United States Court of Appeals for the Second Circuit (Docket No. 1, Pet. at ¶ 2(a); see Docket No. 8, Pet'r Motion at 1).

Respondent replies that petitioner in seeking judicial review and a stay of deportation has stopped the time for seeking his removal, pursuant to the Second Circuit's forbearance policy. Further, respondent argues that petitioner has not shown that there is no significant likelihood that his removal would occur in the reasonably foreseeable future. (Docket No. 11, Resp't Memo. at 11-12.)

In reply, in part, petitioner contends that the Second Circuit's forbearance policy is not a stay of deportation order, thus the detention is governed by 8 U.S.C. § 1231 (Docket No. 14, Pet'r Reply Memo. at third unnumbered page), including its 90-day period for detention while awaiting removal. Petitioner sought authorization for his release now to allow him to attend the oral argument of his Second Circuit review of his removal determination (id. at fourth unnumbered page), but that case was taken on submission on January 11, 2010 (id., Ex. (12)) (2d Cir. Scheduling Order, allotting no time for oral argument but taking the case on submission)). Petitioner then unsuccessfully sought to adjourn that argument (see id., Ex. (13))

## DISCUSSION

I.  Zadvydas and Period for Removal

The Immigration and Nationality Act gives the Attorney General initially ninety days to remove an alien, 8 U.S.C. § 1231(a)(1)(A), and allows for detention of the alien during that

ninety day period, id. § 1231(a)(2), and further detention beyond the ninety-day removal period if an alien is ordered removed as a result of (among other causes) his violations of criminal law, id. § 1231(a)(6); see Zadvydas v. Davis, 533 U.S. 678, 682 (2001). The Supreme Court defined what constituted "reasonable time" for detention under 8 U.S.C. § 1231 beyond that initial ninety-day removal period in Zadvydas, 533 U.S. 678. Under Zadvydas, the Government can hold him only for up to six months as a presumptively reasonable period of detention following the initial ninety-day removal period. 533 U.S. at 701. The longer an alien like petitioner subsequently is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

This ninety-day period may be stayed. Under 8 U.S.C. § 1231(a)(1)(B)(ii), this ninety-day removal period would resume "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [on] the date of the court's final order." Section 1231 expressly provides that the period resumes upon the lifting of the judicial stay.

II. Second Circuit Forbearance Policy

At issue here is the Second Circuit's policy of forbearance of removal of aliens who had applied for a judicial stay while that stay application is pending. As explained by Judge Vanaskie of the United States District Court for the Middle District of Pennsylvania, the Second Circuit and the United States Attorney's office have an agreement "which 'provides that when an alien files a Petition for Review and a request for a stay of removal in the Second Circuit, the Court of Appeals contacts the United States Attorney's Office to obtain an agreement that [the Bureau of Immigration and Custom Enforcement, or BICE] will not remove the alien from the United States until the Second Circuit renders a decision on the Motion for Stay of Removal.'

Respondents observed that 'the Second Circuit, the United States Attorney's Office and [BICE] view the forbearance policy as a binding stay of removal.[']  See [Oyedeji v. Ashcroft], Civil Action No. 3:CV-02-2032, slip op. at 3-4 (August 24, 2004)," Oller Sanchez v. Decker, No. 3:CV-06-1158, 2006 WL 3325671, at *3 n.6 (M.D. Pa. Oct. 24, 2006); see also Oyedeji, supra, 2003 U.S. Dist. LEXIS 27344, at *11-12 (M.D. Pa. Dec. 30, 2003); Oyedeji v. Ashcroft, 332 F. Supp. 2d 747, 751 (M.D. Pa. 2004); Jiang v. Chertoff, No. 06-4486, 2008 WL 80582, at * 6 n.11 (D. Minn. Jan. 8, 2008) (Doty, J., adopting Report & Recommendation of Erickson, Ch. Mag. J.).  While Judge Vanaskie has rejected this policy as a judicial stay under § 1231 (since he determined that this arrangement is not a judicial Order contemplated by Congress in setting the starting point for the 90-day removal period in that statute), see Oyedeji, supra, 2003 U.S. Dist. LEXIS 27344, at *11-12; Oyedeji, supra, 332 F. Supp.2d at 751, 754 (noting that BICE did not comply with process of 8 C.F.R. § 241.4 in continuing that petitioner's detention, having been detained far longer than the maximum sentence for his criminal offense); Oller Sanchez, supra, 2006 WL 3325671, at *3 (see also Docket No. 14, Pet'r Reply Memo. at third unnumbered page), other courts (including those in this Circuit) have recognized this forbearance policy as a basis for effectively staying removal while the motion for stay is pending, see Abimbola v. Ridge, 181 Fed. Appx. 97, 99 (2d Cir. 2006) (summary order); Shehnaz v. Ashcroft, No. 04 Civ. 2578, 2004 WL 2378371, at *2 (S.D.N.Y. Oct. 24, 2004); Jiang, supra, 2008 WL 80582, at * 6 n.11 (counting period when motion for stay was pending as tolling removal period).

    The effect of the forbearance policy is to preclude respondent from removing petitioner while his motion for stay is pending.  The effect of the stay would be to stop the removal period from running while the stay is in place.  Thus, under the forbearance policy, petitioner's actions

5

in seeking judicial review of his removal and moving for the stay of removal has stayed the removal order and stopped the removal period "clock" while the Second Circuit considers that motion (see Docket No. 11, Resp't Memo. at 11), see Jiang, supra, 2008 WL 80582, at *6 n.11; Shehnaz, supra, 2004 WL 2378371, at *2, with the review and that motion submitted on January 11, 2010, and pending before that court. The ninety-day period would resume once the Second Circuit decides petitioner's case and petitioner's removal thereafter is reasonably foreseeable. This is notwithstanding the TPS granted to Haitian nationals due to the 2010 earthquake because petitioner's felony makes him ineligible for that status (see footnote 2, supra).

Both parties argue whether petitioner should be removed (by petitioner, see generally Docket No. 6, Pet'r Memo.) or whether he could be removed in the reasonably foreseeable future (by respondent, see Docket No. 11, Resp't Memo. at 12). This Court need not address these issues (some of which it lacks jurisdiction and are pending before the circuit court) since petitioner's seeking a stay pending appellate review of his removal in effect stays his removal under this Circuit's forbearance policy. Thus, petitioner's continued detention is reasonable and petitioner's motion for summary judgment (Docket No. 8) should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that petitioner's motion for summary judgment (Docket No. 8) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 25, 2010